IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SANTOS GARCIA**, <br><br> Plaintiff, <br> vs. <br><br> **HADDON HOUSE FOOD PRODUCTS, INC. DAVID ANDERSON, SR.,** Individually and **DAVISD ANDERSON, JR.,** Individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff SANTOS GARCIA ("Garcia" or "Plaintiff"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, bring this Complaint against Defendants HADDON HOUSE FOOD PRODUCTS, INC. ("Haddon House"), DAVID ANDERSON, SR., Individually ("David Sr."), and DAVID ANDERSON, JR., Individually ("David Jr."), ("Collectively Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt labor duties, specifically but not limited to, picking products for delivery, preparing products for delivery, as well as various other duties necessary for shipping products for the Defendants based out of Howell, Monmouth County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, Haddon House was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, Defendant routinely purchased food in their businesses that were transported through interstate commerce, as well as shipping the food within New Jersey, and to other states as well. Alternatively, Plaintiff worked in interstate commerce, specifically using tools that were moved through interstate commerce in performing their job duties so as to fall within the protections of the Act.

## PARTIES

8. Plaintiff Garcia is an adult individual who is a resident of Brick, Ocean County, New Jersey.

9. Plaintiff Garcia was employed by Defendants full time as a laborer, performing various shipping duties from in or about August 2001, through in or about May, 2017.

10. Upon information and belief, Haddon House is in the food distribution business throughout the State of New Jersey, as well as other states.

11. Upon information and belief, Haddon House is headquartered in Medford, Burlington County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, Haddon House employs individuals to perform labor services on its behalf. Upon information and belief, at all times relevant to this Complaint, the Haddon House's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, Haddon House was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant David, Sr. is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, Individual Defendant David, Sr. has been an owner, partner, officer and/or manager of Haddon House.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant David, Sr. has had power over personnel decisions at Haddon House, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

17. Upon information and belief, Defendant David, Jr. is a New Jersey state resident.

18. Upon information and belief, at all times relevant to this Complaint, Individual Defendant David, Jr. has been an owner, partner, officer and/or manager of the Haddon House.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant David, Jr. has had power over personnel decisions at Haddon House, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

20. Based upon the information preliminarily available, and subject to discovery in this cause, Haddon House did not properly compensate Plaintiff, for all overtime hours worked in a work week.

21. Plaintiff Garcia routinely worked five (5) to six (6) days per week and conservatively on average seventy-five (75) hours per workweek on behalf of Defendants but was not properly compensated for his overtime hours worked.

22. Plaintiff Garcia was paid a salary of approximately $60,000.00 per year, for all his hours worked, but was not compensated based on actual hours worked and was not compensated at a time and one half rate of pay for his hours worked over forty (40) hours in a work week.

23. Plaintiff did not hire and fire employees.

24. Plaintiff did not set the rates of pay of employees.

25. Plaintiff did not set the schedules of other employees.

26. Plaintiff spent at least seventy-five percent (75%) of his time performing the same duties as other laborers in the shipping department.

27. Upon information and belief, Defendants did not keep accurate and contemporaneous time records of the hours worked by Plaintiff.

28. At all times material hereto, Plaintiff performed his duties for the benefit of and on behalf of Defendants.

29. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

31. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff, which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

33. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

# COUNT I
# RECOVERY OF OVERTIME COMPENSATION
# PURSUANT TO THE FLSA

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

36. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for their overtime hours worked in a work period.

37. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

# COUNT II
# RECOVERY OF OVERTIME COMPENSATION
# PURSUANT TO THE NJWHL

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

40. Defendants' aforementioned conduct is in violation of the NJWHL.

41. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

# JURY TRIAL

42. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff SANTOS GARCIA, demands judgment, against Defendants, HADDON HOUSE FOOD PRODUCTS, INC., DAVID ANDERSON, SR., individually, and

DAVID ANDERSON, JR., Individually, for the payment of compensation for all hours due him and overtime compensation due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 1, 2017                     Respectfully submitted,

/s/ Jodi J. Jaffe
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 North Harrison Street
Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*